**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 11 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10408 |
| Plaintiff - Appellee, | D.C. No. 2:04-CR-00119-1 |
| v. | |
| IRWIN A. SCHIFF, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted May 10, 2010
San Francisco, California

Before: SILVERMAN, FISHER, and M. SMITH, Circuit Judges.

Defendant-Appellant Irwin Schiff is a tax protester who was convicted of

conspiracy to defraud the government for the purpose of impeding and impairing

the Internal Revenue Service, assisting in the preparation of false income tax

returns, tax evasion, and filing false income tax returns. *See United States v.*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*Cohen*, 510 F.3d 1114, 1117 n.2 (9th Cir. 2007). During trial, Schiff represented himself and the court convicted him of contempt fifteen times due to his unruly courtroom behavior. *Id*. at 1117. Previously, on direct appeal of his tax and contempt convictions, we affirmed his convictions, but issued a limited remand instructing the district court to submit written contempt orders. *Id*. at 1119. Schiff now appeals for a second time, arguing that pursuant to the intervening case *Indiana v. Edwards*, 128 S. Ct. 2379 (2008), the district court should not have allowed him to represent himself at trial. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our decision. This court has jurisdiction under 28 U.S.C. § 1291. We affirm.

A district court may deny a defendant's request to represent himself if the defendant is unable "to carry out the basic tasks needed to present his own defense without the help of counsel," even if he has been found competent to stand trial. *Edwards*, 128 S. Ct. at 2386. There is no reason here to direct the district court to re-evaluate Schiff's mental readiness for trial, since it is apparent that Schiff "was mentally competent to conduct his own defense under the *Edwards* standard." *United States v. Ferguson*, 560 F.3d 1060, 1068 (9th Cir. 2009).

Although Schiff suffers from bipolar disorder and possibly a delusional disorder, his afflictions did not prevent him from adequately conducting his own

defense. Schiff had a coherent trial strategy, offered rational defenses, conducted cross-examinations, direct examinations, and made a closing argument. *Cf. Ferguson*, 560 F.3d at 1063-64 (noting the defendant's bizarre, nonsensical rambling and his failure to conduct any opening statement, cross-examinations, or closing argument).

Furthermore, there is no doubt that the magistrate judge and district judge considered Schiff competent to represent himself. The magistrate judge explicitly found Schiff intelligent, sophisticated, and prepared to proceed with his own defense. During remand proceedings, the district judge said that Schiff was "*still competent to represent himself.*" The expert doctors found Schiff "competent to stand trial *and fit to . . . represent himself* despite not being particularly savvy with court proceedings." Thus, the district court distinguished between competence to stand trial and competence to represent oneself, and found Schiff competent on both bases. The concerns voiced by the Court in *Edwards* are therefore not present here, and nothing in *Edwards* suggests that the trial court judge erred in allowing Schiff to exercise his Sixth Amendment right to self representation.

**AFFIRMED.**